**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7251**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

JACK LOUIS SPORICH,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:17-hc-02061-D)

Submitted: March 29, 2019                          Decided: April 11, 2019

Before KING, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Joshua B. Royster, Assistant United States Attorney, Genna D. Petre, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack Louis Sporich appeals the district court's order civilly committing him as a sexually dangerous person pursuant to the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. §§ 4247-4248 (2012). Sporich argues that the district court erroneously concluded that he would have serious difficulty refraining from sexual misconduct if released and that the district court violated his due process rights by delaying one year between conducting the commitment hearing and issuing its commitment order. We affirm.

We review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). To obtain a civil commitment order under 18 U.S.C. 4248(d) (2012), the Government must establish clear and convincing evidence of three facts: (1) that Sporich "has engaged or attempted to engage in sexually violent conduct or child molestation," 18 U.S.C. § 4247(a)(5); (2) that Sporich currently "suffers from a serious mental illness, abnormality, or disorder," 18 U.S.C. § 4247(a)(6); and (3) that as a result, Sporich "would have serious difficulty in refraining from sexually violent conduct or child molestation if released," 18 U.S.C. § 4247(a)(6). *See, e.g.*, *United States v. Perez*, 752 F.3d 398, 407 (4th Cir. 2014).

Sporich concedes that the Government satisfied the first two requirements, so the issue hinges on the district court's factual determination that Sporich "would have serious difficulty in refraining from sexually violent conduct or child molestation if released." The district court properly considered Sporich's modus operandi, institutional conduct,

2

age, and health, and it ultimately gave greater weight to the Government's "dynamic risk factors" supporting civil commitment. The district court was well within the clear weight of the evidence in declining to credit the opinions of Sporich's experts. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985); *United States v. Wood*, 741 F.3d 417, 425 (4th Cir. 2013) (stating that in "classic battle of the experts, . . . the district court clearly was at liberty to choose the opinions of [some experts] over the opinion of [another]"). We conclude that the district court did not clearly err in concluding that Sporich would have serious difficulty refraining from sexual misconduct on release.

We are also unpersuaded by Sporich's due process argument. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). Assuming, without deciding, that this posthearing delay implicates Sporich's due process interests, we conclude that Sporich has not established a cognizable post-deprivation delay of process. *See Federal Deposit Insurance Corp. v. Mallen*, 486 U.S. 230, 242 (1988) (providing standard); *United States v. Timms*, 664 F.3d 436, 444 (4th Cir. 2012). The Government played no role in the delay, and given the evidence presented at the civil commitment hearing, there was a low likelihood that the interim decision was mistaken. And in any case, Sporich received the requisite hearing and order and is currently exercising his right to appeal, so "there is not any sound reason to order [his] release." *United States v. Johnson*, 732 F.2d 379, 382-83 (4th Cir. 1984).

Finally, Sporich argues that the district court erred by denying his motion to dismiss the certificate against him as filed outside the four-year statute of limitations provided in 28 U.S.C. § 1658(a). As the parties agree, we rejected that argument in *United States v. Searcy*, 880 F.3d 116, 122-25 (4th Cir.), *cert. denied*, 139 S. Ct. 285 (2018) (holding that catch-all statute of limitations in § 1658(a) does not apply to civil commitment proceedings under Adam Walsh Act). Therefore, this issue is foreclosed by controlling precedent. In sum, we affirm the district court's order and deny as moot Sporich's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*